**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**

SAMUEL HAYWOOD MYLES,              )
                                    )
                 Plaintiff,         )
       vs.                          )        2:02-cv-244-LJM-KPF
                                    )
UNITED STATES OF AMERICA,           )
                                    )
                 Defendant.         )

**Entry Concerning Selected Matters**

The court, having considered the above action and the matters which are pending, makes the following rulings:

1.  This action pursuant to the Federal Tort Claims Act was dismissed through the issuance of a final judgment entered on the clerk's docket on October 17, 2002. This disposition was affirmed on appeal in *Myles v. United States,* 416 F.3d 551 (7th Cir. 2005). Through his motion for relief from judgment filed on August 18, 2005, the plaintiff seeks to amend the complaint to assert a claim against individuals under the theory recognized in *Bivens v. Six Unknown Federal Narcotics Agents,* 403 U.S. 388 (1971).

    a.  The plaintiff's motion for relief from judgment is untimely, because it is far outside the 1-year limit for a motion pursuant to Rule 60(b) of the *Federal Rules of Civil Procedure. See, e.g., United States v. Forty-Eight Thousand, Five Hundred Ninety-Five Dollars,* 705 F.2d 909, 912 (7th Cir. 1983).

    b.  Apart from the procedural untimeliness of the Rule 60(b) motion, moreover, the underlying effort to proceed with an amended complaint at this point cannot be supported. In order for a Rule 60(b) movant to obtain the relief requested, it must show that it had both grounds for relief, *Fed. R. Civ. P.* 60(b)(1)-(5), and a meritorious claim or defense. *Breuer Electric Mfg. Co. v. Toronado Systems of America, Inc.,* 687 F.2d 182, 185 (7th Cir. 1982). The Rule 60(b) motion in this instance makes reference to a magistrate's order or report and recommendation, but not such matter was issued in connection with the resolution of this case. There is no ground specified in Rule 60(b) asserted in support of the plaintiff's Rule 60(b) motion for relief from judgment.

c.  Additionally, the plaintiff has no viable claim which he could assert at this point against the putative defendant individuals. As to any such claim under a *Bivens* theory has long since expired.

2.  The other motion which is pending is the plaintiff's motion for leave to file an amended/supplemental complaint, such motion having been filed on August 18, 2005. "[A] party cannot request leave to amend following a final judgment unless that judgment has been vacated." *Weiss v. Cooley,* 230 F.3d 1027, 1034 (7th Cir. 2000). For the reasons explained in paragraph 1 of this Entry, the final judgment in this case will not be vacated. Additionally, a district court may properly deny a motion to amend as futile if the proposed amendment would be barred by the statute of limitations. *King v. One Unknown Fed. Corr. Officer,* 201 F.3d 910, 914 (7th Cir. 2000). So, even if the Rule 60(b) motion had itself been timely, the expiration of the statute of limitation of the statute of limitations as to the underlying claim would prevent it from going forward. The plaintiff's motion for leave to file an amended/supplemental complaint having been filed on August 18, 2005, is **denied.**

**IT IS SO ORDERED.**

Date: _____

Copies to:

Samuel Haywood Myles
USP Lompoc
3901 Klein Blvd.
Lompoc, CA 93436

Office of the United States Attorney
10 West Market Street   Suite 2100
Indianapolis, IN   46204-3048